IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. KELLEY TONEY, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 11-cv-2113 |
| RANDY DAVIS, Warden, Pinckneyville Correctional Center, | ) ) ) | Judge Robert M. Dow, Jr. |
| Respondent. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Respondent Randy Davis's motion to dismiss [8] Petitioner Kelley Toney's petition for writ of habeas corpus. In his motion, Davis contends that Toney's petition is untimely under 28 U.S.C. § 2244(d)(1) because it was filed more than one year after Toney's conviction became final. For the reasons stated below, the Court grants Davis's motion [8], and dismisses Toney's petition with prejudice.

**I.    Background**

On July 14, 2000, Petitioner Kelley Toney was convicted of first-degree murder in Illinois state court and was sentenced to thirty years in prison. The Illinois Appellate Court affirmed Toney's conviction on May 24, 2002. *People v. Toney*, 1-00-2827 (Ill. App. Ct. 1st Dist. May 24, 2002). Toney sought discretionary review with the Illinois Supreme Court, but the court denied his petition for leave to appeal on February 5, 2003. *People v. Toney*, 202 Ill. 2d 695 (2003). Toney did not petition the United States Supreme Court for a writ of certiorari.

On November 15, 2006, Toney filed in the Circuit Court of Cook County a pro se petition for post-conviction relief pursuant to 725 ILCS 5/122-1. In his petition, Toney made a number of arguments, including the contention that the state presented perjured testimony from a detective at trial and that his *Miranda* rights had been violated. Recognizing that his state post-conviction petition was untimely, Toney also moved for permission to file a late petition, arguing that his late filing was the result of (1) his lack of "mental fitness"; (2) the passing of his brother; and (3) his inability to obtain a copy of his trial transcript. The Circuit Court *sua sponte* dismissed Toney's petition as "frivolous and patently without merit," and noted in passing that the petition was untimely.[1] *People v. Toney*, 98-CR-24758 (Dec. 6, 2006). The Circuit Court's decision was affirmed by the Illinois Appellate Court on December 18, 2009. *People v. Toney*, No. 1-08-0051 (Ill. App. Ct. 1st Dist. Dec. 18, 2009). On May 26, 2010, the Illinois Supreme Court again denied Toney's petition for leave to appeal.

On March 28, 2011, Toney filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Along with his petition, Toney moved to proceed *in forma pauperis* and for the appointment of counsel. In his petition, Toney claims that he was questioned and gave a statement before receiving a *Miranda* warning, and that the state twice offered perjured testimony at trial. Toney seeks an evidentiary hearing on each of his claims. Toney also states that despite his efforts, he has been unable to obtain from the Clerk of the Circuit Court of Cook County a copy of his trial transcript.

This Court granted Toney's motion for leave to proceed *in forma pauperis*, but denied his motion for appointment of counsel without prejudice [5]. In that order, the Court stated that Toney's petition "appear[ed] untimely," but, citing the affidavit that Toney had filed in support

---

[1] On December 26, 2007, the Circuit Court denied Toney's "Petition to Reconsider" its December 6, 2006 order.

of his motion to file an untimely post-conviction petition in state court, which is part of the record here, the Court asked the parties to address the "grounds for Petitioner's delay of more than three years between the time that his conviction became final on direct review and the commencement of post-conviction proceedings." [5 at 1.] In response, Davis moved to dismiss Toney's petition, arguing that Toney's petition is untimely and that equitable tolling is not warranted here. Toney did not file a reply.

## II.     Analysis

### A.     28 U.S.C. § 2244(d)(1)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year limitations period for state prisoners to file a federal habeas petition, running from the latest of four dates:

> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Toney does not allege an impediment to filing,[2] retroactively applied constitutional right, or a recent discovery of the factual predicate of a claim, see *id.* § 2244(d)(1)(B)-(d)(1)(D), and

---

[2] Toney's allegations relating to his inability to obtain a copy of his trial transcript from the Clerk of the Circuit Court of Cook County could be construed as an argument that the state's failure to provide him with a copy of his trial transcript impeded his ability to file his habeas corpus petition, and that the one-year limitations period therefore should not begin to run until he receives the transcripts. See 28 U.S.C. §

3

upon review of the materials filed to date, the Court concludes that none of those circumstances are present here. Accordingly, Toney's one-year limitations period runs from the date on which his judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." See *id.* § 2244(d)(1)(A).

For petitioners who do not pursue direct review all the way to the Supreme Court of the United States, the judgment becomes final for purposes of § 2244(d)(1)(A) "when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, --- S. Ct. ---, No. 10-895, 2012 WL 43513, at *9 (U.S. Jan. 10, 2012); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (holding that "direct review cannot conclude for purposes of § 2244(d)(1)(A) until the 'availability of direct appeal to the state courts,' and to [the Supreme] Court has been exhausted.") (citations omitted). Here, because Toney sought leave to appeal to the Illinois Supreme Court, but not to the United States Supreme Court, his judgment became final upon the expiration of the time for filing a writ of certiorari in the United States Supreme Court – ninety days after the Illinois Supreme Court entered its order denying discretionary review. See Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary

---

2244(d)(1)(B). This argument is unavailing for several reasons, including the fact that the state's failure to provide the transcript did not in fact prevent Toney from filing his federal habeas petition. See *Llyod v. Vannatta*, 296 F.3d 630, 633 (7th Cir. 2002) (stating that "the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition") (emphasis in original). Toney alleges that he still has not received the transcript from the state court Clerk. Even without the transcript, however, Toney was able to raise three claims in his petition, and he was able to provide sufficient factual support for those claims. See *id.* Assuming that the state's failure to provide the transcript constitutes an "impediment" for purposes of § 2244(d)(1)(B), and assuming that the impediment violated the Constitution or federal law, see *Holland v. Florida*, 130 S. Ct. 2549, 2571 (2010), because Toney was able to file his petition without a copy of his transcript, the state's failure to provide that transcript did not prevent him from pursuing his claims. Accordingly, § 2244(d)(1)(B) does not apply here.

review."). Specifically, Toney's judgment became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on May 6, 2003, and unless the time for filing his petition was somehow tolled, Toney's federal habeas petition was due in this Court on or before May 6, 2004.

### B. State Post-Conviction Tolling

Toney argues that his federal habeas petition is nevertheless timely because the petition for post-conviction relief that he filed in November of 2006 in Illinois state court "re-start[ed]" the one-year federal clock. (Pet. Resp. at 2.) Section 2244(d)(2) of title 28 provides that "[t]he time during which a properly filed application for State post-conviction * * * review * * * is pending shall not be counted" against the one-year limitations period. However, a state court's order denying a petitioner's request for post-conviction relief "does not require the exclusion, under § 2244(d)(2), of time that passed before the state" post-conviction proceeding began. *De Jesus v. Acevedo*, 567 F.3d 941, 944 (7th Cir. 2009). In other words, Toney's decision to seek post-conviction relief well after the one-year federal statutory period expired did not "reset the federal clock." *Id.* at 943.

Nor does the Illinois courts' apparent willingness to accept Toney's untimely post-conviction petition affect the timeliness of his federal habeas proceeding. See *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005). "A state's decision to accept an untimely filing does not justify back-dating that filing." *De Jesus*, 567 F.3d at 943. Therefore, unless equitable tolling applies, the Court must dismiss Toney's habeas petition as untimely.

### C. Equitable Tolling

Toney's petition also suggests that the one-year statutory period should be tolled in this case because Toney suffered from diminished mental capacity at certain periods of his incarceration and because, despite repeated requests, he was unable to obtain a second copy of

5

his trial transcript.[3] Equitable tolling can apply in federal habeas cases, but the requirements are stringent. See *Holland*, 130 S. Ct. at 2560 (holding that "§ 2244(d) is subject to equitable tolling in appropriate cases."). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

1.  **Mental Illness**

The Court begins with Toney's argument that the limitations period should be equitably tolled because of his mental illness. For his mental illness to equitably toll the limitations period, Toney must show that his illness actually prevented him from timely filing his habeas petition. See *Andujar v. Pierce*, No. 10 C 4168, 2010 WL 4628765, at *4 (N.D. Ill. Nov. 8, 2010); see also *Ryburn v. Ramos*, No. 09-cv-1176, 2010 WL 2572063, at *6 (C.D. Ill. June 23, 2010) (stating that although the Seventh Circuit has never addressed the issue, a number of circuit courts have held that a petitioner's health problems can trigger equitable tolling). Generally, "mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (emphasis in original).

Here, Toney contends that he was unable to timely file his state post-conviction petition because he was mentally impaired. Toney states that in 1998, just prior to being arrested, he was treated at the Tinely Park Mental Healthcare Facility and "was diagnosed as suffering from depression, anxiety, and some symptoms of PTSD." As a result of that diagnosis, Toney states, he was given "Paxil and Risperidone." Toney continued to receive medication while being held

---

[3] Toney states that he had a copy of his trial transcript sometime before 2005, but that it was misplaced after he sent it to his brother – who has since passed away – for safekeeping.

in the Cook County Jail and in the Menard Correctional Center, specifically, "the psychotropic medication Trazadone."

Even assuming that Toney was unable to manage his affairs and understand his legal rights between 1998 and the time that he filed his petition for post-conviction relief – thus tolling the time between his conviction in 2000 and November 26, 2006 – Toney's federal habeas petition would still be untimely. When Toney filed his petition for post-conviction relief in state court in 2006,[4] he demonstrated that he was capable of preparing and filing a petition for relief. Indeed, the record is devoid of allegations suggesting that Toney's mental capacity was impaired after that point. Nevertheless, Toney waited more than four more years to file his federal habeas petition. Under those circumstances, even if this Court were to determine that equitable tolling applies during the time that Toney was alleged to be mentally ill, his petition is still far too late.

### 2. Trial Transcript

Toney also appears to allege that he is entitled to equitable tolling because the state failed to provide him with a second copy of his trial transcript. A lack of access to trial transcripts generally is not a basis for equitable tolling, particularly when the petitioner was present at the court hearing for which he seeks the transcript. See *Lloyd*, 296 F.3d at 634; see also *Decker v. Chandler*, No. 11 C 687, 2011 WL 3022395, at *4 (N.D. Ill. July 18, 2011) (holding that the Supreme Court's decision in *Holland* "does not undermine the continuing validity of *Lloyd*"). Toney, like the petitioner in *Lloyd*, was present at his trial and knew the basis on which he could have asserted post-conviction claims. Indeed, despite the fact that he still does not have a copy of his trial transcript, Toney has adequately filed both a state post-conviction petition and this

---

[4] There is evidence in the record demonstrating that Toney had regained his mental fitness by June of 2005, when he began writing letters to, among others, his trial and appellate attorneys requesting copies of his discovery and the Clerk of the Circuit Court of Cook County requesting a copy of his trial transcript. Nevertheless, the Court will give Toney the benefit of the doubt and assume he was not able to understand his legal rights until November of 2006.

7

habeas petition. Even if Toney believed that he could not provide an adequate factual basis for his claims without the transcript, he could have filed his federal habeas petition "and then supplemented the record at a later date, if necessary." *Sulton v. Trancoso*, No. 08-CV-2293, 2009 WL 855953, at *4 (N.D. Ill. Mar. 30, 2009).

### D. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Toney a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. See *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 336; *Evans v. Circuit Court of Cook County, Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Toney must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). And in cases where a district court denies a habeas claim on procedural grounds, the court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it

debatable whether the district court was correct in its procedural ruling. See *Slack*, 529 U.S. at 485.

The Court concludes that Toney has not made a substantial showing of the denial of a constitutional right, nor would reasonable jurists differ on whether (1) his claims are time-barred under 28 U.S.C. § 2244(d)(1), or (2) equitable tolling applies in this case. Thus, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

### III. Conclusion

For the foregoing reasons, the Court grants Davis's motion to dismiss Toney's habeas petition as time-barred under 28 U.S.C. § 2244(d)(1) [8]. In light of that decision, the Court also denies as moot Toney's request for an evidentiary hearing on the claims in his petition. Finally, the Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

Dated: January 23, 2012          _____

                                                     Robert M. Dow, Jr.
                                                     United States District Judge