Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2113 | **DATE** | 6/11/2012 |
| **CASE TITLE** | Toney vs. Davis | | |

**DOCKET ENTRY TEXT**

Before the Court is Petitioner's request for a certificate of appealability [17]. Because the Court previously denied a certificate of appealability when it granted Respondent's motion to dismiss (see [15], at 8-9), the Court construes Petitioner's request as a motion for reconsideration. For the reasons stated below, the motion [17] is respectfully denied.

■ [ For further details see text below.]    Docketing to mail notices. Notices mailed by Judicial staff.

## STATEMENT

Back in 2000, Petitioner Kelley Toney was convicted of first-degree murder in Illinois state court and was sentenced to 30 years in prison. His subsequent appeals were unsuccessful. In 2006, Toney filed a petition for state post-conviction relief, which was dismissed. His appeals were again unsuccessful.

On March 28, 2011, Toney filed a petition for a writ of habeas corpus. In response, Davis moved to dismiss, arguing that Toney's petition was untimely. On January 23, 2012, the Court granted Davis's motion, dismissing Toney's petition with prejudice. [See 14, 15, 16.] The Court also specifically declined to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2). [See 15, at 8-9.] Toney subsequently filed a "Request for Certificate of Appealability." [17.] Because the Court already has rendered a decision on this issue, it construes Toney's request as a motion for reconsideration.

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Court entered judgment on January 23. Toney did not file his motion until March 9. As a result, the motion is deemed to be presented under Federal Rule of Civil Procedure 60(b). See *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

An additional procedural wrinkle is that Toney filed a notice of appeal on May 22. [See 18.] Generally, "a district court is divested of jurisdiction once a notice of appeal is filed." *Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21*, 543 F.3d 414, 418 (7th Cir. 2008). However, "[d]istrict courts possess limited authority to deny Rule 60(b) motions while an appeal is still pending, allowing the court of appeals to make

| STATEMENT |
|---|

its resolution a final one, knowing that a district court has no desire to amend its ruling." *Id.* at 419.

Here, the Court has no desire to amend its ruling. Toney does point out that page 3 of the Court's opinion states that Toney did not "file a reply" to Davis's motion to dismiss. In fact, Toney did file a *response* to the motion; Davis did not file a *reply*. Significantly, the Court did in fact consider Toney's response, which asserted that his federal habeas petition was timely because his state post-conviction petition "re-start[ed]" the one-year federal clock. [15 at 5 (citing Petitioner's Response at 2).] The Court rejected this argument because Toney sought state post-conviction relief well after the one-year federal statutory period expired.

Apart from that minor clarification, Toney presents no argument in his request that even remotely provides grounds for relief under Rule 60(b), either in regard to the disposition of the petition or whether a certificate of appealability should issue. Accordingly, his motion for reconsideration [17] is respectfully denied.